UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

| | |
|---|---|
| NAZIM I. GUITY<br>825 Elton Avenue<br>Bronx  NY 10451, | : CIVIL ACTION<br><br>NO. _____ |
| Plaintiff, | |
| vs. | : |
| | JURY TRIAL DEMANDED |
| ANTHONY SANTOS p/k/a<br>ROMEO SANTOS<br>25 Madison Avenue<br>New York, NY 10010            AND | : |
| SONY MUSIC ENTERTAINMENT, INC.<br>25 Madison Avenue<br>New York, NY 10010            AND | |
| SONY MUSIC HOLDINGS, INC.<br>25 Madison Avenue<br>New York, NY 10010            AND | : |
| SONY CORPORATION OF AMERICA<br>25 Madison Avenue<br>New York, NY 1001            AND | |
| MILTON "ALCOVER" RESTITUYO<br>4465 Bronx Blvd.<br>Bronx NY 10470            AND | : |
| WE LOUD, LLC d/b/a WE LOUD<br>STUDIOS, LLC<br>f/k/a LOS MEJORES STUDIOS<br>4465 Bronx Blvd.<br>Bronx NY 10470, | : |
| Defendants. | |

## CIVIL COMPLAINT

A. JURISDICTION AND VENUE

   1. Jurisdiction is based upon federal question,  to wit, the Copyright Act of 1976 as amended.   Title 17, United States Code.

1

2.  Venue is proper under the Fed.R.Civ. Pro.

B. <u>THE PARTIES</u>

3. Plaintiff  NAZIM I. GUITY ("GUITY") is a private adult individual who resides at the above address; plaintiff is a songwriter, musical performer and copyright holder.

4. Defendant ANTHONY SANTOS  p/k/a ROMEO SANTOS ("SANTOS") is is a private adult individual who does business at the above address; defendant SANTOS is an entertainer, musical performer, recording artist, and entertainment industry superstar; defendant SANTOS does business in the Commonwealth of Pennsylvania.

5.  Defendants SONY MUSIC ENTERTAINMENT, INC.,  SONY MUSIC HOLDINGS, INC., and SONY CORPORATION OF AMERICA (collectively, "SONY") are domestic legal entities that operate as a partnership and/or related companies, doing business as an entertainment company engaged in the manufacture, distribution and sale of music at the above address; the SONY defendants all do business in the Commonwealth of Pennsylvania.

6. Defendant MILTON "ALCOVER"  RESTITUYO ("ALCOVER") is a private adult Individual, engaged as a  music producer and recording studio owner who does business at the above address; defendant ALCOVER does business in the Commonwealth of Pennsylvania.

7. Defendant WE LOUD, LLC d/b/a WE LOUD STUDIOS, LLC f/k/a LOS MEJORES STUDIOS ("WE LOUD")  is a domestic corporation engaged in the business of providing music recording services, with its principal offices located at the above address; defendant WE LOUD does business in the Commonwealth of Pennylvania.

8.  At all times material hereto, the defendants acted on their own behalves, and/or through the acts of their employees, agents, representatives, servants, and the

2

like, acting within their course of employment and scope of duties.

    9. The doctrine of respondeat superior applies to all defendants.

C. <u>THE FACTS</u>

    10. In 2011, plaintiff GUITY, a citizen of the United States of America, solely composed and authored a musical composition titled, "ERES MIA" (hereinafter referred to as "Subject Song").

    11. Subsequent thereto, plaintiff GUITY engaged the services of defendants ALCOVER and WE LOUD as independent contractors, to record and mix the Subject Song at defendant's recording studios which were known at the time as "Los Mejores" recording studios.

    12. GUITY's engagement of defendants ALCOVER and WE LOUD resulted in GUITY's completion of a master sound recording for his musical composition "Eres Mia", the aforepleaded Subject Song.

    13. The Subject Song, entirely created, authored, and composed by plaintiff GUITY, is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

    14. The Subject Song contains "protectable elements" afforded copyright protection, which protectable elements are inclusive but not limited to the unique lyrical hook, mesmerizing hook, hook containing the same sound, feel cadence, timing and structure; such protectable elements also include unique lyrical themes, unique lyrical content, unique song title, substantially similar concept behind the song's theme, substantially similar melody, substantially similar guitar arrangements, and substantially similar hook and chorus.

    15. Contemporaneously with, and subsequent to plaintiff's recording sessions with defendant ALCOVER and WE LOUD recording studios, defendant ALCOVER collaborated with co-defendant SANTOS at co-defendant WE LOUD recording studios.

    16. As a result of this collaboration, SANTOS recorded a song titled, "ERES

MIA", with the assistance of defendants ALCOVER and WE LOUD.

17. Certain of the copyrightable elements contained in plaintiff's Subject Song were incorporated into defendant's song; defendants subsequently recorded and commercially released their song titled, "Eres Mia".

18. Plaintiff GUITY duly applied to the Library of Congress copyright office, and received a Certificate of Registration, SR 1-163-479, dated March 25, 2014 for the Subject Song. See Exhibit A, attached and incorporated by reference as though fully set forth herein and made a part hereof.

19. Subsequent to its creation, plaintiff GUITY has sought to publish, published, and/or licensed for publication said Subject Song in compliance with federal copyright law, and he has remained the owner of the copyright of the Subject Song.

20. Subsequent to the issuance of the copyright, defendants infringed upon plaintiff GUITY's copyright by recording, mixing, mastering, distributing, selling, licensing, and/or receiving revenue from versions of a different but substantially similar song entitled "Eres Mia" (collectively referred to as "New Song"); **this infringing song is the exact same title as plaintiff's Subject Song.**

21. Defendants' New Song is so substantially similar to plaintiff GUITY's Subject Song as to constitute actionable unlawful copyright infringement under Title 17 of the United States Code and applicable case law.

**COUNT ONE: VIOLATION OF TITLE 17, UNITED STATES CODE- SEC 115 ET SEQ.**

**COPYRIGHT INFRINGEMENT - MECHANICAL LICENSE/ROYALTIES**

**(AGAINST ALL DEFENDANTS)**

22. Paragraphs 1 through 21 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

23. Subsequent to plaintiff GUITY's creation of the Subject Song, said Subject Song was heard by defendant SANTOS; defendant SANTOS having had access to the Subject Song through co-defendants ALCOVER and WE LOUD.

24. Defendant SANTOS's access to the subject song was inclusive, but not limited to the following:

    a) the Subject Song was produced by ALCOVER at WE LOUD recording studios;

    b) contemporaneously and subsequent to plaintiff's recording the Subject Song with ALCOVER at WE LOUD recording studios, defendant SANTOS recorded various sound recordings and musical compositions with ALCOVER at WE LOUD, inclusive but not limited to his version of "Eres Mia".

    c) In otherwise having access to the Subject Song not currently known to plaintiff but to be adduced through discovery prior to trial.

25. SANTOS conferred with co-defendants ALCOVER and WE LOUD, resulting in the creation and commercial release of New Song, which New Song was based upon plaintiff's duly copyrighted Subject Song.

26. SANTOS and/or the co-defendants improperly and unlawfully filed one or more copyright registrations with the Library of Congress for New Song, claiming rightful authorship of New Song, despite the fact they had actual and/or constructive knowledge that New Song was derivative of plaintiff's copyrighted Subject Song.

27. Said assertion by defendants to the Library of Congress, as set forth on the application(s) for copyright registration, without enumerating on the copyright application(s) that the New Song was derivative of the Subject Song, was false and misleading.

28. By doing so, defendants falsely held themselves out as being the true and lawful author, copyright holder and publisher of the New Song, when in fact the New Song was an unlawful infringement of plaintiff's copyrighted Subject Song.

29. Defendants released the New Song which song was an unlawful infringement of plaintiff GUITY's copyrighted New Song; said release of New Song generated millions of dollars in revenues to the benefit of said defendants, which

5

revenue was derived from the unlawful sale and licensing of the New Song, including but not limited to sales of phonographic records (as the term is liberally known to be construed in the music business), digital downloads, ringtones, ringbacks, synchronization and other licensing fees, etc.

30. Under Title 17 of the United States Code, prior to said defendants' commercial release of New Song for public consumption, said defendants' were required to acquire a mechanical license from plaintiff.

31. Said defendants' failure to obtain a proper mechanical license from Plaintiff GUITY is a violation of Title 17 of the United States Code.

32. Said defendants are liable to plaintiff for failure to obtain a mechanical license from plaintiff GUITY as required by Title 17 of the United States Code.

33. In the alternative, in the event that this Court deems that no mechanical license was required, due to the prior publication of Subject Song by plaintiff, then in such event, said defendants conduct is still violative of Title 17 of the United States Code for failure by defendants to pay <u>any</u> compulsory license fees to plaintiff GUITY, as mandated by applicable copyright laws.

34. Said defendants are liable to plaintiff for all revenues generated from the sales and licensing of all products and services containing New Song thereupon, for violation of Section 115 et seq. of Title 17 of the U.S. Code.

WHEREFORE on Count One, plaintiff GUITY demands judgment in his favor, and against defendants SANTOS, SONY, ALCOVER and WE LOUD, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages;

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## <u>COUNT TWO: VIOLATION OF TITLE 17, UNITED STATES CODE -</u>

## <u>COPYRIGHT INFRINGEMENT</u>

## <u>(AGAINST ALL DEFENDANTS)</u>

35. Paragraphs 1 through 34, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

36. Defendants got the copyright infringement ball rolling by claiming to compose, author and record a copyrightable song (i.e., the New Song), when in fact, the New Song was derivative of plaintiff's Subject Song.

37. Defendants ALCOVER and WE LOUD knowingly provided defendant SANTOS with access to plaintiff's copyrightable elements of plaintiff GUITY's Subject Song, which resulted in the creation of the unlawfully infringing New Song; defendants SANTOS, ALCOVER and WE LOUD had no cognizable right to record, produce, mix and master the New Song which emanated from plaintiff's copyrighted Subject Song, without first obtaining plaintiff's written permission and consent, as required by the Copyright Act; said defendants acted without total regard for plaintiff and plaintiff's Rights; said defendants violated federal law by materially altering plaintiff's copyrighted Subject Song without plaintiff GUITY's prior written consent.

38. Said defendants then delivered the illegally infringing New Song to the SONY co-defendants, who also acted without total regard for plaintiff and plaintiff's rights.

39. The SONY co-defendants thenillegally and unlawfully mechanically reproduced, manufactured, distributed and offered for sale and licensing the illegally infringing New Song without any regard for plaintiff and plaintiff's rights.

40. Further, defendants SANTOS, and/or ALCOVER and WE LOUD, transferred to co-defendants SONY, and their subsidiary and/or affiliated companies, in whole or part, their purported administrative, publishing and/or writers share rights (rights derivative of their respective interests in the copyright of the New Song), for said co-

defendants financial gain, without any regard for plaintiff and plaintiff's rights.

41. Defendants SANTOS, ALCOVER and WE LOUD had no legal right to transfer any copyright interests to the SONY co-defendants, because defendant transferors' rights were tainted by their infringement.

42. Accordingly, said defendants', as a matter of law, could not transfer copyright interests in the New Song to the transferee defendants, because those rights were solely owned by plaintiff GUITY.

43. Accordingly, defendant transferees SONY and their subsidiaries and a affiliated companies have no right whatsoever to claim any interest in the New Song, as their rights in the New Song are derivative of the rights of co-defendants SANTOS, ALCOVER and WE LOUD, and said co-defendants possess no rights in the New Song due to their unlawful infringement as aforepleaded.

44. Defendants are liable to plaintiff for violation of Title 17 of the United States Code, and applicable case law, pertaining to unlawful infringement.

WHEREFORE on Count Two, plaintiff GUITY demands judgment in his favor, and against all defendants, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## COUNT THREE: CIVIL CONSPIRACY: VIOLATION OF TITLE 17, UNITED STATES CODE -

## COPYRIGHT INFRINGEMENT

## (AGAINST ALL DEFENDANTS)

46. Paragraphs 1 through 45, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

47. Defendants SANTOS, ALCOVER, WE LOUD and SONY engaged in a civil

conspiracy to commit infringement upon plaintiff's Subject Song.

48. Defendant are liable to plaintiff for conspiracy to commit copyright infringement.

WHEREFORE on Count Three, plaintiff GUITY demands judgment in his favor, and against all defendants, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## COUNT FOUR: ACCOUNTING AND CONSTRUCTIVE TRUST
## (AGAINST ALL DEFENDANTS)

49. Paragraphs 1 through 48 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

50. In the event infringement is proven by plaintiff, then in such event plaintiff is entitled to a full and discrete accounting of all revenues generated as a result of the aforepleaded infringement.

51. Further, in such event plaintiff is entitled to the imposition of a constructive trust in regard to any past, present and future revenues that are misguidingly directed towards defendants, inclusive but not limited to the disgorgement of any such past revenues- all pertaining to the underlying copyright infringement of the Subject Song.

52, The accounting and constructive trust are equitable remedies to which plaintiff is entitled in the interests of justice and fair play.

WHEREFORE on Count Four, plaintiff GUITY demands judgment in his favor, and against all defendants, jointly and severally, as follows:

a) For a full and discrete accounting of all past, present and future revenues

9

generated by the New Song;

b) For the imposition of a constructive trust in favor of plaintiff;

c) For reasonable counsel fees and costs;

d) For such other relief as this Court may deem proper.

Dated: July 5, 2017

Respectfully submitted,

s/Simon Rosen, Esq./s (#6279)

SIMON ROSEN, ESQ.

ATTORNEY ID NO. 38603

SimonOnKey@aol.com


2019 Walnut Street

Philadelphia, PA 19103

Tel. (215)564-0212

Fax (215)893-3900

10